**In re CLEANMASTER INDUSTRIES, INC., a Nevada corporation, Debtor.**

**S.G. WILSON COMPANY, INC., dba Program Wholesale Ind., Appellant,**

**v.**

**CLEANMASTER INDUSTRIES, INC., a Nevada corporation, Appellee.**

BAP No. CC–88–1537–JVMo.
Bankruptcy No. LA–85–11278–CA.
Adv. No. LA 88–00240–CA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Feb. 15, 1989.

Decided Oct. 25, 1989.

Thomas E. Kent, Robinson, Diamant, Brill & Klausner, Los Angeles, Cal., for appellant.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for appellee.

Before JONES, VOLINN and MOOREMAN, Bankruptcy Judges.

JONES, Bankruptcy Judge.

Appellant, S.G. Wilson Company, Inc. dba Program Wholesale Ind., appeals a bankruptcy court order denying its Motion for Reconsideration of an Order Disallowing Appellant's Administrative Priority Claims. Program argues that the court below erred in denying its motion as the record is devoid of competent evidence. WE AFFIRM.

## FACTS

Cleanmaster Industries, Inc. ("Debtor") and S.G. Wilson Company, Inc., dba Program Wholesale Ind. ("Program") are both retail sellers of janitorial supplies. However, Program is classified as a "super jobber" because it purchases its inventory in large volume at a discounted price and resells to other entities. Under a written agreement, the Debtor occupied a portion of Program's premises, and Program supplied the Debtor with inventory. The agreement specifically provided that the price of inventory sold to the Debtor would be equal to or less than the cost of such items if the Debtor purchased them directly.

The Debtor filed its Chapter 11 petition on August 13, 1985. Program was not listed on the Debtor's bankruptcy schedules. On September 5, 1986, Program filed a Proof of Claim, designated as an administrative claim, for $239,575.98. In addition, Program filed an administrative claim as an assignee on behalf of Enterprise Sales Co., Inc. for $9,516.17. Both claims were amended on February 12, 1987. The Program claim was reduced to $239,503.98 and the Enterprise claim was reduced to $6,976.20.

Counsel for the Debtor subsequently filed an interim fee application. Program filed a written objection to the payment of this administrative claim unless its administrative claims were also paid. In response, the Debtor alleged that the sums stated in Program's claims were incorrect because Program failed to properly credit the Debtor's account and because the prices Program charged the Debtor were grossly inflated. The parties entered into a court approved stipulation which allowed Program to amend its claims until May 6, 1988, and allowed the Debtor to file and serve objections until June 5, 1988. The stipulation also provided that all objections to the claims were to be deemed waived should the Debtor fail to timely file and serve its objection to one or both of the administrative claims. Pursuant to the stipulation, Program recomputed the $239,503.98 claim and filed an amendment on May 5, 1988 which reduced the claim to $68,397.20. The Enterprise claim was not amended.

On June 3, 1987, the Debtor filed an objection to the $68,397.20 claim. No objection was filed against the Enterprise claim. Program then filed an application to compel payment of the Enterprise claim on September 21, 1987, on grounds that as no specific objection was filed against it, the Debtor must comply with the stipulation and pay the claim. The Debtor responded that the stipulation merely required it to object to newly amended claims, and since the Enterprise claim was not amended the Debtor need not object. The Debtor further argued that its earlier objection (the response to Program's objection to the payment of Debtor's counsel) was still pending. The bankruptcy court denied Program's application and instructed the Debtor to file a second specific objection to the Enterprise claim.

A trial on the Debtor's objections was held on January 7, 1988. The court found that contrary to the terms of the written agreement, Program sold inventory to the Debtor at its "normal selling price and not at the special price" provided in the contract. The court further found that the Debtor was entitled to post-petition credit and that Program grossly overstated its

claim. As a result, the court ultimately concluded that the Debtor had overpaid Program approximately $40,905.22. Program's claims were denied in full. Judgment was entered on January 28, 1988 and no appeal was taken.

The Debtor later brought suit against Program to recover any overpayments. Program then filed a motion to reconsider the order disallowing administrative claims. The court subsequently denied Program's motion to reconsider and rendered summary judgment on the Debtor's behalf for $40,905.22 on May 16, 1988. An order granting summary judgment was entered on May 19, 1988. The court determined that its prior Order and Findings of Fact regarding the Debtor's overpayment from the January 28, 1988 hearing were res judicata on all issues affecting the sum found owing to the Debtor by Program.

Subsequently, Program filed an order Denying Motion for Reconsideration of Order Disallowing Administrative Claims and for Order Vacating Findings of Fact. Program's order was entered on June 9, 1988 and this appeal followed.

### ISSUE PRESENTED

Whether the bankruptcy court erred in denying Program's Motion for Reconsideration.

### STANDARD OF REVIEW

Whether the bankruptcy court erred in denying Program's Motion for Reconsideration is reviewed under the abuse of discretion standard. *In re Colley,* 814 F.2d 1008 (5th Cir.1987); *In re W.F. Hurley, Inc.,* 612 F.2d 392 (8th Cir.1980).

### DISCUSSION

Reconsideration of the disallowance of Program's claim is governed by Bankruptcy Rule 3008 and by 11 U.S.C. § 502(j) of the Bankruptcy Code. Rule 3008 provides that "a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." B.R. 3008. Accord-

ing to § 502(j), "a claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j) (1989).

■ In this case, the Motion to Reconsider was filed after the time to appeal had expired. In the situation where the time for appeal has expired, a motion to reconsider should be treated as a motion for relief from judgment under Bankruptcy Rule 9024. *In re Aguilar,* 861 F.2d 873 (5th Cir.1988). Bankruptcy Rule 9024 provides that Rule 60 of the Fed.R.Civ.P. applies in cases under the Code. Rule 60 sets forth the standards for reconsideration of claims and helps define "cause" under § 502(j). Rule 60 provides that there may be relief from a judgment or order for:

(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rules 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Fed.R.Civ.P. 60(b).

Here, Program sought to persuade the bankruptcy court to reconsider the order denying its claim on grounds of newly discovered evidence. However, the main thrust of Program's argument was that the record of the hearing was completely "devoid of any competent evidence" to support the court's findings. In support of its contentions, Program submitted the affidavits of Program's president and Program's counsel. In addition, Program submitted the affidavits of presidents or vice-presidents of three distributors. Generally, these affidavits stated that because Program was a "super jobber," it could purchase products at a reduced rate. Moreover, the affiants declared that they either

would not sell products to the Debtor or they would sell products on a C.O.D. basis only. Program submitted these affidavits as evidence that the prices it charged the Debtor were equal to or less than the prices of such items had the Debtor purchased them directly.

■ On appeal, Program argues that the record below is devoid of competent evidence to establish that the Debtor was overcharged or to substantiate the Debtor's calculations concerning the allocation of post-petition payments or the amount of administrative rent owing to Program. Program's contentions, however, fail to acknowledge that while the order denying a motion for reconsideration is appealable, the underlying judgment is not appealable. *In re W.F. Hurley, Inc.*, 612 F.2d 392 (8th Cir.1980).

■ As previously noted, the standards for a motion to reconsider, filed after the time for appeal has expired, are enumerated in Fed.R.Civ.P. 60. Pursuant to Rule 60, relief from an order may be granted upon a showing of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) (time for motion for new trials). Fed.R.Civ.P. 60(b)(2). Program seemingly relies upon this subsection as the basis for its motion to reconsider by its characterization of the above referenced affidavits as newly discovered evidence. These documents, which purportedly offer newly discovered evidence, are the only references to the Rule 60 standards justifying relief from an order.

The proffered affidavits merely discuss the issue of the availability of price discounts to the Debtor and whether other distributors would do business with the Debtor. As this evidence was available at the time of the trial, it cannot be said to be new. Moreover, because no offer of proof, or even an explanation, was presented to the trial court as to why the affiants did not testify at the trial, the trial judge was justified in denying the motion. Accordingly, we see no abuse of discretion for failing to consider affidavits of witnesses who could have appeared at the original trial.

Finally, Program argues that the court below erred in concluding that Program was indebted to the Debtor without the Debtor "filing a counterclaim as required under Bankruptcy Rule 3006 [sic: apparently Program is referring to B.R. 3007 entitled Objections to Claims which provides that if an objection to a claim is joined with a demand for relief as specified in Bankruptcy Rule 7001, it becomes an adversary proceeding]." As a result of the court's initial determination that the Debtor had overpaid Program in the sum of $40,905.22, the bankruptcy court later rendered summary judgment in favor of the Debtor in that sum plus interest on May 16, 1988. The above action may be within the purview of B.R. 9024 and ultimately Fed.R. Civ.P. 60(b)(6) which provides for relief from an order for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

■ Program raises this argument for the first time on appeal. As a general rule, an appellate court will not consider an issue raised for the first time on appeal. *See In re Wind Power Systems, Inc.*, 841 F.2d 288, 290 n. 1 (9th Cir.1988). However, an appellate court may exercise its power and discretion to consider such an issue when it is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. *See Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). Whether there was compliance with Bankruptcy Rule 3007 is a question of fact. Moreover, resolution of this issue depends upon the record developed below. Accordingly, we will not exercise our discretion to consider this issue.

## CONCLUSION

Program failed to establish, both below and on appeal, the existence of new evidence. Furthermore, Program failed to provide any reasonable justification why the affidavits were not available at the trial. Under these circumstances the trial judge did not abuse his discretion in deny-

ing Program's motion to reconsider. Accordingly, the bankruptcy court's denial of Program's motion to reconsider is AFFIRMED.