In re FRONTIER AIRLINES, INC., Frontier Leaseco One, Inc., Frontier Leaseco Two, Inc., and Frontier Holdings, Inc. Debtors.

**Ann BUNN, Marybelle Hoffman and Eva M. Schiele, Appellants,**

v.

**FRONTIER AIRLINES, INC., Frontier Leaseco One, Inc., Frontier Leaseco Two, Inc., and Frontier Holdings, Inc. Appellees.**

No. 89–K–387.

Bankruptcy No. 86 B 8021 E.

United States District Court, D. Colorado.

Aug. 6, 1990.

---

Van Oliver, Andrews & Kurth, Dallas, Tex., for Bunn, Hoffman & Schiele.

David P. Callet, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for Frontier.

Carl A. Eklund, Faegre & Benson, Denver, Colo., for Frontier.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Ann Bunn, Marybelle Hoffman, and Eva M. Schiele (the "Bunn Group") appeal a bankruptcy court order denying reconsideration of an earlier order approving a Job Preservation and Litigation Settlement Agreement (JPA) executed by Frontier Airlines, Inc., four Frontier employee unions and other parties. The Bunn Group argues that the bankruptcy court's approval of the JPA was erroneous because group members did not receive notice of the hearing leading to the approval of the JPA. I affirm.

### I. *Facts.*

Frontier[1] commenced bankruptcy proceedings on August 28, 1986. Shortly thereafter, People Express, Inc. (Frontier's parent corporation) and the Texas Air Corporation (TAC) announced a proposed

---

1. The appellees are Frontier Airlines, Inc., Frontier Leaseco One, Inc., Frontier Leaseco Two, Inc. and Frontier Holdings, Inc. Frontier Holdings, Inc. did not file for bankruptcy until January 14, 1987.

merger of the two companies. The merger was conditioned on the sale of certain of its assets to TAC, outlined in an Asset Purchase Agreement dated September 15, 1986, and the execution of the JPA. The JPA provided that, in exchange for the waiver of claims against the airline, the former employees of Frontier would be entitled to job opportunities with Continental (a subsidiary of TAC) or a severance package.

On October 9, 1986, Frontier filed motions for the approval of the JPA and to prescribe notice and set an expedited hearing on the motion for approval. On October 14, 1986 (nunc pro tunc October 9, 1986), the court entered an order prescribing notice and setting a hearing on the motion for October 17, 1986. Notice of the hearing and of the contents of the JPA was sent to all parties, including the Bunn Group, no later than October 13, 1986. Notice of the hearing was also published in local newspapers and the Wall Street Journal. After the October 17, 1986 hearing, the bankruptcy court approved the JPA with the support of the employee union by which the members of the Bunn Group were represented. Members of the Bunn Group had also executed waivers of claims under the JPA.

On September 28, 1988, the bankruptcy court approved Frontier's motion, on summary judgment, to strike the claims of all former Frontier employees who had executed waivers of claims under the JPA, including the Bunn Group. The Bunn Group did not appeal this order, although it filed a motion for reconsideration which was denied. Instead, the Bunn Group filed a series of motions to set aside the bankruptcy court's October 17, 1986 order approving the JPA. The central basis for these motions was the alleged lack of adequate notice of the motion for and hearing on the approval of the JPA.[2] On February 17, 1989, the bankruptcy court entered its final ruling denying reconsideration of its approval of the JPA. The Bunn Group now appeals this ruling.

## II. *Merits.*

■ The appeal of a motion for reconsideration under Fed.R.Civ.P. 60(b) and Bankr.R. 9024 does not bring into issue the merits of the underlying order; the sole issue for review is whether the bankruptcy court abused its discretion in denying reconsideration. *See Browder v. Director, Dept of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). In this case, there is no basis to conclude that the bankruptcy court abused its discretion in denying the motion for reconsideration.

■ The Bunn Group filed a long series of motions aimed at gaining a rehearing on the fairness of the JPA to the former employees of Frontier, on the validity of the waivers of claims they executed, and on the adequacy of the notice of the hearing on the JPA. The record indicates that the bankruptcy court considered these issues at the appropriate time and in the appropriate manner. In its October 17, 1986 and December 1, 1988 orders, the court considered the notice issue, finding that the methods used to notify parties in interest were adequate under the circumstances. As to whether approval of the JPA was fair to the former employees of Frontier, the bankruptcy court correctly noted in its February 17, 1989 order that the sole issue before it in the October 17, 1986 hearing was whether approval of the JPA was in the best interests of the estate, not whether it served the interests of former employees. Finally, whether the Bunn Group's waivers of claims were valid was a matter to be addressed in connection with Frontier's motion to strike waived claims, and not in connection with the approval of the JPA. Thus, the Bunn Group's motions for reconsideration, as amended, presented no new issues or other adequate basis upon which to grant the motions. *See, e.g.,*

---

2. Although the Bunn Group would like me to consider other issues surrounding the validity of the waiver of claims executed as part of the JPA, these issues were not properly before bankruptcy court on the motion for approval of the JPA.

Therefore, there is no basis for consideration of them on appeal. *See Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989) (appellate court will not consider issues not raised in court below).

588

*Sanders v. Clemco Indus.*, 862 F.2d 161, 169–70 (8th Cir.1988). The court did not abuse its discretion.

 Moreover, even assuming that the merits of the court's October 17, 1986 order regarding the adequacy of notice are at issue here, the court's ruling was not in error. Bankruptcy Rule 2002(a) requires 20 days' notice to interested parties of a hearing on the approval of a compromise or settlement, "unless the court for cause shown directs that notice not be sent." Bankruptcy Rules 2002(k) and 9008 further authorize the court to order notice by publication when notice by mail would be impracticable or it is desireable to supplement that notice. Finally, with certain exceptions not germane to this appeal, the bankruptcy court may order the time period for notice to be reduced. *See* Bankr.R. 2002 advisory committee note; Bankr.R. 9006(c).

Here, the bankruptcy court had good cause to permit the notice period to be shortened and to require additional notice by publication. Approval of the JPA and the Asset Purchase agreement was a necessary element in the consummation of the proposed merger between People and TAC. An expedited hearing on the JPA was aimed at furthering the process of putting planes into operation and protecting Frontier's few assets, generating revenue, and keeping people employed. Nor was the actual method of notice deficient. Mailing of the notices to individual claimants, coupled with publication in local and national newspapers was a reasonable way to ensure that the numerous interested parties would be apprised of the October 17 hearing on the approval of the JPA. Finally, even if the Bunn Group did not receive actual notice of the hearing, they assert that they were prejudiced not because they would have asserted any particular objection to the JPA, but because Frontier's motion for approval contained new information which would have assisted them in deciding whether to execute the waivers. Even accepting this as true, this argument relates to the validity of the waivers, not to whether the JPA was properly approved.

For the above reasons, the bankruptcy court's order denying the Bunn Group's motion for reconsideration is ORDERED affirmed.