In re **FRONTIER AIRLINES, INC.,** et al., **Debtors.**

**HAGGART GROUP, Appellant,**

v.

**FRONTIER AIRLINES, INC.,** et al., **Appellees.**

**Civ. A. No. 89–K–595.**
**Bankruptcy No. 86 B 8021.**

United States District Court,
D. Colorado.

Feb. 24, 1992.

David P. Callet, Mary Kay Kramer, Akin, Gump, Strauss, et al., Washington, D.C., for debtors-appellees.

Patricia Hood, Vicky L. Veldboon, Denver, Colo., Mary Jane Haggart, San Diego, Cal., for appellant.

Dorothy D'Agostino, pro se.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an appeal from the bankruptcy court's February 27, 1989 ruling denying the Haggart Group's motion to reconsider the disallowance of its claims.[1] In its order, the bankruptcy court upheld its earlier ruling striking the claims of all former Frontier Airline employees, including the members of the Haggart Group, who had executed written waivers of claims. The Group argues that the bankruptcy court erred because the waivers were procured by fraud and duress.

### I. *Facts.*

The facts of this case are set out in my earlier opinions in two related matters, *Winkel Group v. Frontier Airlines (In re Frontier Airlines, Inc.)*, 108 B.R. 274 (D.Colo.1989), and *Bunn v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 117 B.R. 585 (D.Colo.1990), *aff'd*, 951 F.2d 1259 (10th Cir.1991), and in the bankruptcy court's rulings below. (*See* R.Doc. 1; R.Doc. 4). I repeat only those necessary to a ruling in this appeal.

Frontier Airlines, Inc., filed for Chapter 11 bankruptcy protection on August 26, 1986[2] after efforts to structure a sale of certain of its assets to United Airlines failed. Later that fall, Frontier began negotiations for the sale of its assets to Continental Airlines, Inc. To make the sale viable, Frontier requested concessions from four employee unions to abrogate a 1985 collective bargaining agreement and to obtain employee waivers of any claims based on that agreement. The resulting Job Preservation Agreement (JPA) approved by union membership and executed by the unions, provided that, in exchange for a waiver of all claims against Frontier except certain "surviving claims" as defined in the JPA, employees would be entitled to job opportunities with Continental or a severance package. The JPA was not to become effective unless 75 percent of union membership executed waivers.

On October 9, 1986, Frontier filed a motion for bankruptcy court approval of the JPA. After expedited notice and a hearing, on October 17, 1986, the bankruptcy court approved the JPA. The court based its approval on the JPA's ratification by the unions and execution by approximately 90 percent of the unions' membership of waivers of claims.

A number of employees who had executed waivers nevertheless filed proofs of claim in the bankruptcy court. Frontier objected to these claims, and on November 20, 1987, moved to strike them. Frontier later filed a motion for summary judgment, arguing that all employees formerly represented by the unions signatory to the JPA had waived their claims, regardless of whether they signed separate waivers. Many employees, including members of the Haggart Group, objected to Frontier's motion to strike, claiming that the waivers were invalid due to lack of notice of the terms of the JPA, fraud and duress.

On September 28, 1988, the bankruptcy court granted Frontier's motion as to all employees who had executed waivers, concluding that the employees had failed to rebut Frontier's showing of the prima facie validity of the waivers. It held that the employees' unverified responses to Fron-

---

1. The individual members of the Haggart Group are disclosed in their notice of appeal, filed March 27, 1989, and in their motion for reconsideration, in the record on appeal. (R.Doc. 2, attachment.) On May 24, 1990, I granted Stephen Oldham's request to dismiss his claims against Frontier. Thus, he is no longer a member of the Group.

2. Frontier Leaseco One, Inc. and Frontier Leaseco Two, Inc. also filed for bankruptcy protection on that date. Frontier Holdings, Inc. filed its petition under Chapter 11 on January 14, 1987. The four Frontier entities are collectively referred to as "Frontier."

tier's motion for summary judgment were insufficient to raise a material issue of fact under Fed.R.Civ.P. 56, and that, even considering the assertions contained in the responses, "the issues raised therein would not bar summary judgment in favor of Frontier." (R.Doc. 1 at 21; *see also id.* at 25.)

The Haggart Group did not immediately appeal this order. Instead, on October 31, 1988 it filed a motion for reconsideration under Bankr.R. 3008. The Group supported its motion with affidavits from a majority of its members, generally alleging their belief that the waivers were procured by fraud and duress. On February 27, 1989, the bankruptcy court denied the Haggart Group's motion for reconsideration. The court held:

> In light of the motions for reconsideration which have been filed, the Court has once again reviewed not only the supplemental affidavits filed in support of these motions, but the informal responses which had previously been filed. Those responses all fall within the category of matters which were raised by the affidavits previously filed by the Winkel Group, which were considered item-by-item in the court's order of September 28. It serves no purpose to restate here the Court's findings on the various assertions. It is sufficient to observe that the motions for reconsideration raise no issues not previously carefully considered and dealt with in the Court's order.

(R.Doc. 4. at 4.) The Haggart Group now appeals this ruling.

## II. *Merits.*

The Haggart Group makes two arguments in this appeal. First, it contends that the bankruptcy court should not have upheld the validity of the waivers because "the Appellant's members did not have the full knowledge and intent required by the law of waiver." (Appellant's Opening Br. at 6.) Second, it asserts that Frontier and Continental Airlines should have sought a 60–day extension of time under § 1110 of the Bankruptcy Code, which gives debtors with interests in aircraft additional time to cure defaults, thereby giving the employees more time to consider whether to execute the waivers and approve the JPA.

The Haggart Group's arguments, however, are prejudiced by the procedural context of this appeal.

■ Bankruptcy Rule 3008, which implements § 502(j) of the Code, permits any party in interest to move for reconsideration of the bankruptcy court's order allowing or disallowing a claim against the estate. Section 502(j) permits reconsideration of a claim "for cause." 11 U.S.C. § 502(j). When a party appeals the bankruptcy court's judgment on a Rule 3008 motion for reconsideration, the court must examine whether the motion was filed before or after the time to appeal the original order had expired. In the latter case, the motion for reconsideration is treated as a motion for relief from judgment under Bankr.R. 9024. *S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.)*, 106 B.R. 628, 660 (Bankr. 9th Cir. 1989). Such motions are governed by the standards of Fed.R.Civ.P. 60(b), which permit relief from judgment only on certain enumerated grounds. *Id.* Appeals from these orders do not bring into issue the merits of the court's original order, and the bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *Id.*

■ Here, the Haggart Group's Rule 3008 motion was not filed until after the time for direct appeal of the court's ruling on summary judgment had expired. Thus, the bankruptcy court correctly considered the motion under the standards of Fed. R.Civ.P. 60(b). The court found that the new affidavits submitted by members of the Haggart Group were of the same nature as those it considered "item-by-item" in connection with the motion for summary judgment, and that they did not identify any specific facts upon which the court could find that the express, written waivers were not binding. (R.Doc. 4 at 4.) Having independently reviewed these affidavits, I agree with the bankruptcy court's characterization that they mirrored the submissions on summary judgment, in that they contained only general allegations and no direct statement "that any employee or anyone connected with Frontier engaged in any acts of coercion or duress." (R.Doc. 1

at 24.) Thus, the bankruptcy court did not err in concluding that the Haggart Group's motion did not present any new issues not previously considered by the court in its order on summary judgment, and it did not abuse its discretion in denying the motion.

The Haggart Group's second argument, that Frontier should have sought an extension of time under § 1110, is improper in connection with this appeal. First, the Haggart Group did not raise this issue before the bankruptcy court, nor would it have been proper for the Group to have done so. Rule 60(b) does not authorize relief from judgment based on assertion of a legal argument that could have been raised before the court's initial ruling. Because the matter was not brought to the bankruptcy court's attention, the court did not abuse its discretion in denying the Rule 3008 motion on these grounds. In addition, it is similarly improper for the Group to raise this issue in the first instance on appeal. An appellate court should not consider new issues not properly raised before the court below. *See Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989). For these reasons, I affirm the bankruptcy court's denial of the Haggart Group's Rule 3008 motion for reconsideration.