NOT FOR PUBLICATION

FILED

NOV 28 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-12-1144-DHKi |
| | ) | |
| MARCELO BRITTO GOMEZ, | ) | Bk. No. 11-26905-TBD |
| | ) | |
| Debtor. | ) | Adv. No. 11-02360-TBD |
| _____ | ) | |
| | ) | |
| CARTER STEPHENS,[1] | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[2] |
| | ) | |
| LORI SMITH, ESQ.; | ) | |
| MARCELO BRITTO GOMEZ, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on November 15, 2012
at Pasadena, California

Filed - November 28, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Thomas B. Donovan, Bankruptcy Judge, Presiding

Appearances:  The Appellant, Carter Stephens, argued pro se;
Douglas Crowder, Esq. argued for Appellee Marcelo
Britto Gomez.

Before:  DUNN, HOLLOWELL, and KIRSCHER, Bankruptcy Judges.

---

[1]    While the BAP docket is captioned with the correct spelling of the Appellant's name "Carter Stephens," the bankruptcy docket is captioned incorrectly as "Carter Stevens."

[2]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Plaintiff, Carter Stephens ("Appellant"), filed an adversary complaint ("Adversary Proceeding") seeking to except from discharge debts owed to Appellant by debtor defendant Marcelo Britto Gomez ("Appellee") under § 523(a)(2)(A)[3] and (a)(6) on the bases that the debts arose from Appellee's false pretenses and caused Appellant willful and malicious injury, respectively. Due to the failure of Appellant's attorney to file status reports timely, appear at status conference hearings, and respond to discovery requests on several occasions, as well as Appellant's failure to find new counsel, the bankruptcy court dismissed the Adversary Proceeding for failure to prosecute. Appellant filed two subsequent motions for reconsideration, both of which the bankruptcy court summarily denied without making separate findings of fact or conclusions of law. Appellant then appealed from the dismissal and the denial of the first motion for reconsideration. However, the BAP motions panel (1) determined that appellate jurisdiction existed only to hear the appeal from the denial of the first motion for reconsideration because Appellant did not timely appeal the dismissal order and (2) ordered that the scope of the appeal be limited to denial of the first motion for reconsideration. We VACATE the bankruptcy court's order on the first motion for reconsideration and REMAND for findings of fact and conclusions of law.

---

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

# I. FACTS

The limited record presented in this appeal is not very helpful or illuminating. To aid our determinations, the Panel has reviewed the docket and documents filed in the Adversary Proceeding, Case No. 11-02360-TBD. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 958 (9th Cir. 1989) (court may take judicial notice of underlying bankruptcy records).

This appeal is complicated procedurally, as noted above, because, although Appellant appealed from both the order dismissing the Adversary Proceeding and an order denying Appellant's first motion for reconsideration of the dismissal order, the motions panel limited the scope of review to denial of the motion for reconsideration filed on February 27, 2012 ("Motion"), as the notice of appeal was untimely as to the dismissal order.[4] Therefore, the facts set forth below are limited to those bearing on the Motion.

On April 19, 2011, Appellee filed a voluntary petition for chapter 7 relief. On June 15, 2011, Appellant filed the Adversary Proceeding.

On September 1, 2011, the bankruptcy court held a first status conference in the Adversary Proceeding. Appellant's attorney, Lori Smith ("Smith"), failed to appear or file the required pre-hearing status report. However, Appellant did appear and indicated that Appellant believed that Smith would

---

[4] The procedural and substantive details of the motions panel's decision to limit the scope of review are discussed *infra* at notes 7 and 8.

-3-

appear and was handling the case. Appellant also expressed concern about Smith's failure to communicate with Appellant and failure to appear, causing Appellant to proceed without counsel. The bankruptcy court explained to Appellant the nature of the required status report and that Appellant could either terminate Smith's representation and obtain new counsel or appear pro se. The bankruptcy court further warned Appellant that "[o]ne way or the other, [Appellant has] to do something to move this case ahead . . .," and that after terminating Smith, Appellant would have personal responsibility to prosecute the Adversary Proceeding in an effective way. Hr'g Tr. (Sept. 1, 2011) at 7:12-13; 11:3-8. The bankruptcy court emphasized that failure to file the status report was a ground for dismissal and that a status report would be required two weeks in advance of the continued hearing which the bankruptcy court would schedule. On January 13, 2012, Appellee filed a motion to dismiss the Adversary Proceeding for lack of prosecution under Rule 7041.[5] On February 2, 2012, the bankruptcy court held a continued status conference in the Adversary Proceeding and also considered Appellee's motion to dismiss. Again, Smith failed to file the required status report, but did appear at the hearing. The bankruptcy court began by noting that the case was seven months old. The court then outlined the standards required for diligent prosecution of the case under the local rules including

---

[5] The motion also was brought pursuant to Local Rule 7041-1(a) which provides that "[a] proceeding that has been pending for an unreasonable period of time without any action having been taken therein may be dismissed for want of prosecution upon notice and opportunity to request a hearing."

sharing information and communication between the parties. It concluded that "[the court] pretty consistently [had] not had much of a showing of any compliance with standards that I've just outlined from the Plaintiff's side." Id. at 1:21-25, 2:1-8.

The bankruptcy court initially warned that "[the late filing of reports] is unacceptable, and if that happens one more time in this case, this [Adversary Proceeding] will be dismissed." Id. at 2:11-13. Further, the court made clear that "if, [Smith fails] to follow our rules and procedures, as outlined in our Local rules, and as I've announced in this court to you before, one more time, this case will be dismissed for lack of diligent prosecution." Id. at 2:14-17. Before hearing from Smith, the court concluded by saying that "this case is wasting a lot of the Defendant's time. This case is wasting a lot of the Court's time, and this is probably one of the busiest courts in the country." Id. at 4:2-5. Smith first alleged that "there has been a complete and irredeemable breakdown of relationship between the client and the attorney." Id. at 4:16-18. Smith further told the court that:

> [Appellant] has refused to -- to sign a substitution of attorney. [Appellant] has made a terrorist threat against me. [Appellant] has been alleged to have sexually assaulted, on two separate occasions, one of the women that was working on his case. [Appellant] has filed a complaint against me with the State Bar. . . . I've been advised to get out of any cases I'm with [Appellant] as soon as possible. Id. at 5:20-25, 5:1-2.

Smith then asked the bankruptcy court if a court security officer could accompany Smith out of the courtroom because Smith

-5-

was afraid of Appellant. The bankruptcy court assured Smith that an escort would be provided. Finally, Smith alleged that Appellant and Smith did not have a fee agreement which covered fees related to trial and that Appellant insisted that Smith go to trial without further payment.

The bankruptcy court then gave Appellant an opportunity to speak to the allegations to which the Appellant responded that "100-percent they're lies." Id. at 6:21. Appellant told the court that Appellant had paid Smith an $8,500 retainer, which Smith had requested, and Smith had failed to appear at six hearings, including hearings before the bankruptcy court and hearings in "other courts."[6] Appellant concluded, requesting from the court time to find new counsel, saying that:

> I'm going to need counsel, and since Ms. Smith has not fulfilled her obligation for the retention and the retaining by me giving her money, I would like that – the retainer back so that I can obtain counsel that are viable, very reliable counsel, so that I can continue this. Id. at 8:22 - 9:5.

The bankruptcy court then proceeded to dismiss the Adversary Proceeding for lack of diligent prosecution. As bases for its ruling, the bankruptcy court noted that the case had been pending for seven months, and for the court to learn of the failed relationship between Smith and Appellant at this late stage was "an inexcusable burden on the [Appellee], and on the legal process, and on this Court." Id. at 9:13-20. On February

---

[6] Though the record is not entirely clear, the "other court" hearings are presumably hearings in which Smith was to appear as Appellant's attorney in the related prepetition state court fraud case against Appellee.

8, 2012, the bankruptcy court entered a written order dismissing ("Dismissal Order") the Adversary Proceeding for the reasons stated on the record at the February 2, 2012 hearing.

On February 27, 2012, Appellant in pro se filed the Motion, nineteen days after the date of entry of the Dismissal Order. On March 1, 2012, the court summarily denied the Motion by writing "Motion denied" in handwriting in the upper-right corner of the first page of the Motion, dated and initialed immediately below. No findings of fact or conclusions of law were docketed separately, nor written on the face of the Motion.

On March 13, 2012, Appellant filed a notice of appeal ("Notice") from the Dismissal Order and the March 1, 2012 denial of the Motion. On May 7, 2012, the motions panel limited the scope of the appeal to review of the Motion because the Notice of Appeal was untimely as to the Dismissal Order,[7] but not as to the Motion.[8]

_____

[7] The motions panel determined that because the Motion pursuant to Civil Rule 59 or Civil Rule 60, made applicable in adversary proceedings by Rule 9023 and Rule 9024 respectively, was not filed within fourteen days after the Dismissal Order was entered, the fourteen day time limit to file a notice of appeal was not tolled pursuant to Rule 8002(b). Therefore, the motions panel held that no jurisdiction existed to hear the appeal of the Dismissal Order. However, because the denial of the Motion itself was appealed within fourteen days, pursuant to Rule 8002(a), jurisdiction was proper as to denial of the Motion. Order of Motions Panel re "motion for extension of time, scope of appeal & completion of the record" ("Limiting Order")(granted in part), May 7, 2012.

[8] On June 7, 2012, Appellant filed a "Request for BAP to Consider Dismissal" which the motions panel considered as an untimely motion for reconsideration of the Limiting Order. Though untimely, the motions panel addressed the merits of the

(continued...)

# II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

# III. ISSUES

1. Whether the bankruptcy court failed to make sufficient findings of fact and conclusions of law to allow for meaningful review.

2. Whether the bankruptcy court abused its discretion in denying the Motion.

# IV. STANDARDS OF REVIEW

We review the bankruptcy court's denial of the Motion for abuse of discretion.[9] Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000); Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 178 (9th Cir. BAP 2007). We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to

---

[8](...continued)
motion and denied the motion by order entered on August 20, 2012. Order of Motions Panel re "Appellant's request for BAP to consider dismissal" (denied), August 20, 2012.

[9] The Civil Rules do not recognize motions for reconsideration. Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (9th Cir. BAP 2004). The Civil Rules do provide, however, two avenues through which a party may obtain post-judgment relief: (1) a motion to alter or amend judgment under Civil Rule 59; and (2) a motion for relief from judgment under Civil Rule 60.

the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1262 & n.20. De novo means review is independent, with no deference given to the trial court's conclusion. See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).

Where a party files a motion for reconsideration within 14 days following the date of entry of the judgment or order, the motion is treated as a motion to alter or amend the judgment under Civil Rule 59(e). Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted). Such a motion is "analogous to a motion for new trial or to alter or amend the judgment pursuant to [Civil Rule] 59 as incorporated by Rule 9023." United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006).

However, where the fourteen day time for appeal has expired, a motion for reconsideration should be construed as a motion for relief from judgment under Civil Rule 60(b). Negrete v. Bleau (In re Negrete), 183 B.R. 195, 197 (9th Cir. BAP 1995)(citing In re Cleanmaster Indus., Inc., 106 B.R. 628, 630 (9th Cir. BAP 1989)(internal citations omitted)). Civil Rule 60(b) provides that relief may be granted from an order for several reasons, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) any

-9-

other reason that justifies relief.[10] Relief from judgment for "any other reason" under Civil Rule 60(b)(6) should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances. Negrete, 183 B.R. at 197. In the circumstances of this appeal, we conclude that analysis under Civil Rule 60(b) applies.

A motion for reconsideration of an order dismissing an adversary proceeding is a contested matter under Rule 9014, subject to Civil Rule 52(a) by incorporation under Rule 7052, which requires the bankruptcy court to find the facts specifically and state its conclusions of law separately. In the absence of complete findings, we may vacate a judgment and remand the case to the bankruptcy court to make the required findings or develop further evidence. In re First Yorkshire

---

[10]    Civil Rule 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

-10-

_Holdings, Inc._, 470 B.R. 864, 871 (9th Cir. BAP 2012)(citing _United States. v. Ameline_, 409 F.3d 1073, 1079 (9th Cir. 2005)); Rule 8013.

## V. DISCUSSION

The bankruptcy court failed to make specific findings of fact and conclusions of law in denying the Motion.

### 1. Arguments on Appeal

Appellant argues on appeal that gross negligence of counsel is an appropriate ground for relief pursuant to Civil Rule 60(b) from an order of dismissal for failure to prosecute, and, therefore, the bankruptcy court abused its discretion by denying the Motion on the facts presented.

For support, Appellant first cites _Cmty. Dental Servs. v. Tani_, 282 F.3d 1164, 1168 (9th Cir. 2002), where the Ninth Circuit held that a default judgment may be set aside under the "catch all" clause of Civil Rule 60(b)(6). Specifically, the court held that "a party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" _Id._ (citing _Martella v. Marine Cooks & Stewards Union_, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)). To be entitled to relief, "the party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." _Tani_, 282 F.3d at 1168 (citing _United States v. Alpine Land & Reservoir Co._, 984 F.2d 1047, 1049 (9th Cir. 1993)).

In holding that gross negligence of counsel may provide a basis for relief, the _Tani_ court distinguished negligent acts of

-11-

counsel, which are attributable to the client under an agency theory, from the more unusual case of extreme or gross negligence which is "neglect so gross that it is inexcusable." Id. at 1168. For example, the Tani court cited L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir. 1964), for the proposition that "[Civil Rule] 60(b)(6) 'is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client.'" Tani, 282 F.3d at 1169. Further, even though a client choosing incompetent counsel typically risks suffering any negative consequences as a result, a client should not "suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention," for example where there is evidence of counsel's "blatant disregard for explicit [court] orders." Id. at 1168-69 (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir. 1986); Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 806 (3d Cir. 1986)).

Because the appellant's lawyer in the Tani case "virtually abandoned" the client by failing, inter alia, to proceed despite court orders, to attend hearings and file papers, and most especially, by duping the client by representing to the client that the case was proceeding properly, the Ninth Circuit ultimately reversed the trial court, which had held the appellant responsible for the lawyer's failures, and held that the "unknowing client should not be held liable on the basis of a default judgment resulting from an attorney's grossly negligent conduct, and that in such cases sanctions should be

-12-

imposed on the lawyer, rather than on the faultless client."
Tani, 282 F.3d at 1168, 1171. Underlying the holding, the Tani court explained that because default is an extreme measure, "the judicial system loses credibility as well as the appearance of fairness, if the result is that an innocent party is forced to suffer drastic consequences." Id. at 1170.[11]

Appellant further argues that an attorney's failure to prosecute a case on behalf of the plaintiff is an "extraordinary circumstance" under Civil Rule 60(b) warranting relief from an order of dismissal, citing Lal v. Cal., 610 F.3d 518, 524 (9th Cir. 2010). In Lal, the Ninth Circuit approvingly cited Tani with respect to default judgments and applied the Tani reasoning to gross negligence of counsel resulting in dismissal with prejudice for failure to prosecute. Id. The court reasoned that "[d]ismissal with prejudice under [Civil] Rule 41(b) for failure to prosecute is the converse of a default judgment. In both instances, the consequence of the attorney's action (or inaction) is a loss of the case on the merits. The only significant difference is that the plaintiff rather than the defendant suffers the adverse judgment." Id. In Lal, the plaintiff's counsel failed to make disclosures, attend status

---

[11] The Ninth Circuit also disagreed with the district court that the appellant's remedy should be a separate action for malpractice, rather than relief from the default judgment. The Ninth Circuit reasoned that while malpractice was a possibility, the remedy was insufficient due to delay, increased load on the courts, and the uncertainty of receiving a money judgment in a malpractice action, while the client may have to pay out substantial sums before the action concludes many years in the future. Id. at 1171.

conferences, and attend hearings. <u>Id.</u> at 525. In addition, as in <u>Tani</u>, the attorney in <u>Lal</u> deliberately misled the client regarding the status of the case. <u>Id.</u> The <u>Lal</u> court reversed the trial court and held that the Civil Rule 60(b) motion for relief should have been granted. <u>Id.</u> at 527.

Appellant alleges by declaration on appeal that Appellant's attorney, Smith, failed to file status reports, failed to show up for several hearings, failed to oppose the motion to dismiss, failed to respond to discovery requests, failed to return phone calls, and was untruthful about the status of the case. Stephens Dec. (July 2012) at ¶ 2. Further, Smith declared that she was found guilty by the State Bar of California for, <u>inter alia</u>, not properly communicating with the Appellant and not responding to discovery with respect to the Adversary Proceeding. Smith Dec. (June 11, 2012) at ¶ 3. Smith further states that Appellant filed the State Bar complaint prior to the February 2, 2012 hearing at which Smith failed to produce a status report, failed adequately to explain the failure to produce discovery, and alleged a total breakdown of communications with Appellant. <u>Id.</u> at ¶ 2. Smith states finally that "[b]ecause of my behavior, Mr. Stephens was unable to present or have presented his case properly. . . ." <u>Id.</u> at ¶ 5.

In response, Appellee first argues that the Motion should be treated as a motion pursuant to Civil Rule 59 rather than Civil Rule 60 because, according to Appellee without reference to any dates in Appellee's Opening Brief, Appellant filed the Motion within the fourteen day appeal period. However, Appellee

-14-

is in error because, as noted above, the Motion was filed on February 27, 2012, nineteen days after the Dismissal Order was entered.  Next, Appellee argues that the bankruptcy court properly denied the Motion under Civil Rule 60(b), arguing that Appellant failed to show that any of the Civil Rule 60(b) conditions were present in this case.  Appellee alleges that Appellant produced no new evidence, nor evidence of fraud, nor that the order is void, nor finally that the order has been "satisfied, released, or discharged."  Appellee states that because Appellant had ample time, after warning from the bankruptcy court, to change counsel during the eight months while the case was pending, Appellant was not denied effective assistance of counsel.  Appellee further contends that under the reasoning of In re Williams, 287 B.R. 787 (9th Cir. 2002), holding that Appellant has the burden of providing an adequate record on appeal, the appeal should be dismissed because the record is inadequate to show that the bankruptcy court abused its discretion.

2.    New Evidence in the Motion for Reconsideration

In the Motion, Appellant urged the court to consider that the order had been granted "without full facts being presented in the case."  Though many of the facts asserted in the Motion are simply reassertions of facts that Appellant alleged during the two status conference hearings or in other filings, Appellant alleged that after several requests for return of Appellant's file, Smith refused to return Appellant's complete file.  Appellant further alleged that Appellant did search for other attorneys and that attorneys with whom he spoke gave

-15-

Appellant additional information with respect to Smith's difficulties serving clients. Appellant also alleged that on a weekly basis, Appellant asked Smith's office to provide status information and a list of completed activities with respect to the Adversary Proceeding, which Appellant further alleges was provided, but which was falsified to include completion of tasks not actually performed.

In addition, Appellant gave more specific information about the larger scope of Smith's difficulties and Appellant's knowledge of those issues by alleging that not until "well into our history" did Appellant learn that "Smith had been reported [by four (4)] other clients, with [eleven] incidents, for lack of doing her job . . . ."

3.    Bankruptcy Court's Holding

The court denied the Motion by writing "Motion denied" in handwriting in the upper-right hand corner of the Motion papers and initialing immediately below, with nothing more. No separate findings of fact or conclusions of law were docketed, nor written on the face of the Motion. Because the bankruptcy court did not make any findings of fact or conclusions of law with regard to the Motion, the Panel does not have a basis for evaluating whether the bankruptcy court abused its discretion in this appeal. Therefore, the matter is VACATED and REMANDED to the bankruptcy court for findings of fact and conclusions of law pursuant to Rules 7052 and 9014.[12]

---

[12] On March 9, 2012, Appellant filed a second motion for reconsideration of the dismissal of the Adversary Proceeding
(continued...)

## VI. CONCLUSION

The bankruptcy court failed to make specific findings of fact and conclusions of law on the record sufficient to allow review of its denial of the Motion when it made only a handwritten statement on the face of the Motion that the Motion was denied. Accordingly, we VACATE the order denying the Motion and REMAND for findings of fact and conclusions of law consistent with this Memorandum disposition.

---

[12](...continued)
("Second Motion"). On March 23, 2012, the bankruptcy court denied the Second Motion by written order stating in one line that "Mr. Stephens' Motion for Reconsideration of the order denying his Motion for Reconsideration is hereby DENIED." Though not before us, the Panel would not be able to review adequately denial of the Second Motion any more than the denial of the Motion in this appeal due to the same lack of findings of fact and conclusions of law.