In re William J. SCHUELLER d/b/a Eldorado Communications, Debtor.

WESTERN CITIES BROADCASTING, INC., Appellant,

v.

William J. SCHUELLER d/b/a Eldorado Communications, and the Official Unsecured Creditors Committee, Appellees.

Civ. A. No. 91–K–2.
Bankruptcy No. 89–B–11544–A.

United States District Court, D. Colorado.

Feb. 11, 1991.

Garry R. Appel, Jane E. Frey, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for Western Cities.

Jeffrey Weinman, Silver, Hayes, Robinson & Barrick, Denver, Colo., for Schueller.

William J. Schueller, Golden, Colo., pro se.

Larry Johnson, Denver, Colo., for Unsecured Creditors.

## ORDER ON MOTION TO DISMISS

KANE, Senior District Judge.

William J. Schueller filed for bankruptcy protection under Chapter 11 on August 24, 1989. Before his bankruptcy filing, Schueller was a party to state court proceedings in which Western Cities Broadcasting obtained a $3,740,000 judgment against him. Schueller was awarded $550,000 in damages against Western Cities in that proceeding. Both parties appealed.

In December 1989, Schueller filed a reorganization plan and disclosure statement. The bankruptcy court scheduled a hearing for September 12, 1991 to consider the plan and statement. On April 4, 1990, Western Cities filed a competing plan. The Official Unsecured Creditors Committee then moved for a deferral of the hearing on the plans until there was a ruling in Schueller and Western Cities' state court appeal. On July 26, 1990, the bankruptcy court granted the Committee's motion over Western Cities' objection.

Western Cities filed a motion for reconsideration of the bankruptcy court's order on August 21, 1990. The bankruptcy court denied the motion on August 24, 1990. On September 14, 1990, Western Cities filed a motion for relief from the same order under Bankruptcy Rule 9024. This motion was likewise denied on December 19, 1990. Western Cities filed its notice of appeal to this court on December 27, 1990.

Schueller now moves to dismiss this appeal. Schueller contends that Western Cities is improperly trying to circumvent its failure to timely appeal the merits of the bankruptcy court's original ruling on the Committee's motion for deferral by appealing the denial of the Rule 9024 motion. While the arguments underlying Schueller's motion are meritorious, they can be addressed when this appeal reaches the merits. The proper remedy is not the dismissal of Western Cities' appeal.

Bankruptcy Rule 8002 provides that a notice of appeal from a final judgment or order of the bankruptcy court must be filed within ten days of its date of entry. Bankr.R. 8002(a). This time period is tolled, however, by any one of the motions enumerated in Bankruptcy Rule 8002(b). Among these motions is a motion "under Rule 9023 to alter or amend the judgment ... or for a new trial." Bankr.R. 8002(b). In this case, the bankruptcy court's order granting the Committee's motion to defer the hearing on the competing plans was entered on August 17, 1990. Before the time period for appeal expired, Western

Cities filed a motion for reconsideration which Schueller concedes can be considered as one under Bankruptcy Rule 9023. Accordingly, the time for appealing the bankruptcy court's ruling was extended to September 6, 1990, ten days after the court denied Western Cities' Rule 9023 motion on August 27, 1990.

■ Western Cities did not file a notice of appeal within this time period. Instead, on September 14, 1990, it filed a motion for relief from the bankruptcy court's judgment under Bankruptcy Rule 9024. Such a motion does not toll the time for filing an appeal from the underlying order. *See* Fed.R.Civ.P. 60 advisory committee's note; *Bradley v. Pacific Southwest Bank, F.S.B.*, 121 B.R. 306, 309 n. 4 (N.D.Tex. 1990). The bankruptcy court denied Western Cities' Rule 9024 motion and it is from this order that Western Cities now appeals.

■ As Schueller correctly notes, an appeal from the denial of a motion under Rule 60(b) and its bankruptcy counterpart, Rule 9024, raises for review only the order of denial itself and not the underlying judgment. *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990); *Bunn v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 117 B.R. 585, 587 (D.Colo.1990). Thus, the court is generally limited to determining whether the denial of the Rule 60(b) or Bankruptcy Rule 9024 amounted to an abuse of discretion. *Bud Brooks Trucking*, 909 F.2d at 1440; *In re Frontier Airlines, Inc.*, 117 B.R. at 587. Schueller is also correct that an appeal from the denial of such a motion is not a substitute for a direct appeal of the underlying order. *Bud Brooks Trucking*, 909 F.2d at 1439 n. 3, 1440.

■ Western Cities contends that this appeal is proper "because the Bankruptcy Court exceeded its jurisdiction and erred as a matter of law in granting the Motion to Defer Consideration of Western Cities' Plan of Reorganization." Response to Amended Motion to Dismiss Appeal at 1. It adds,

An evaluation of the validity of the underlying order is required in the review of an order denying a Rule 60(b) motion for relief from a lower court's order which exceeds that court's jurisdiction or is erroneous as a matter of law. *V.T.A., Inc. v. AIRCO, Inc.*, 597 F.2d 220, 224 n. 7 (10th Cir.1979). Hence, this Court must evaluate the validity of the underlying Order in its review of the Bankruptcy Court's denial of the Motion for Relief. Western Cities' appeal is properly postured for such a review, as well as a review for abuse in the denial of the Motion for Relief.

*Id.* at 2. These statements are misleading. *V.T.A., Inc. v. AIRCO, Inc.* states: "If a judgment is void, for example, under 60(b)(4), it is necessary to evaluate the validity of the underlying judgment in reviewing the order denying the motion. If the underlying judgment is void, the order based on it is void." 597 F.2d at 224 n. 8. The court in *V.T.A., Inc.* further noted that "[a] judgment is not void merely because it is or may be erroneous." *Id.* at 224. *V.T.A., Inc.* does not hold that review of the underlying order is appropriate when the appellant argues that the lower court reached the wrong legal conclusion. Thus, Western Cities' assertion that an appellate court can reach the merits of the order underlying a Rule 60(b) motion when the lower court "erred as matter of law" goes too far.

The upshot of the above discussion is that this appeal will not be dismissed, as Schueller argues, simply because it is an appeal from the denial of a Rule 9024 motion. Judgments denying Rule 9024 motions are appealable in the same manner as other bankruptcy orders. On the other hand, my review of the bankruptcy court's ruling is much more limited than Western Cities suggests. I am limited to considering whether the bankruptcy court abused its discretion in denying the motion, not whether the court erred as a matter of law in granting the Committee's motion in the first place. Western Cities is free to argue that the court abused its discretion because it had no jurisdiction to enter the underly-

ing order, but Western Cities will not be permitted to "bootstrap" a merits argument under the guise of a challenge to the bankruptcy court's jurisdiction.

Accordingly, Schueller's motion to dismiss this appeal is DENIED. The briefing schedule for this appeal will not be amended; however, the court will entertain a motion to extend the time for filing a response brief if Schueller has been prejudiced by the pendency of this motion to dismiss. Schueller's request for attorney fees is DENIED.