**In re Dale LENARD, Debtor.**

**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Dale LENARD, Defendant/Appellant.**

Civ. A. No. 91–K–770.
Bankruptcy No. 89 B 16057 A.
Adv. No. 90 J 351.

United States District Court,
D. Colorado.

May 26, 1992.

David A. Levitt, Dept. of Justice, Office of Consumer Litigation, Washington, D.C., for U.S.

F. Kelly Smith, Wheat Ridge, Colo., for Lenard.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The issue in this bankruptcy appeal is whether the bankruptcy court erred in granting the government's summary judgment motion because the debtor, Dale Lenard, failed to file a timely response to the motion. Lenard contends that he did not file a formal response because his counsel misinterpreted a new notice of hearing form issued by the bankruptcy clerk. In addition, he argues that the court erred in not ruling on his Rule 9024 motion for relief from the order granting summary judgment. I reverse.

### I. *Facts.*

Dale Lenard filed his Chapter 7 bankruptcy petition on January 16, 1990. Lenard was a named defendant in two consolidated civil lawsuits brought by the United States in the Southern District of Iowa. These lawsuits concerned Budget Marketing Inc., a magazine subscription sales franchisor, and several Budget franchises, one of which was owned by Lenard. The government alleged that Lenard and others violated an earlier court order prohibiting deceptive sales practices under federal fair trade laws. It sought civil penalties against the defendants and expanded injunctory relief. Because of the potential assessment of penalties, Lenard listed the government as a contingent, unliquidated creditor in his schedules.

On May 3, 1990, the government filed an adversary complaint against Lenard, alleging that its contingent, unliquidated debt was nondischargeable under § 523 of the

Code. In addition, the government sought to deny Lenard a general discharge in bankruptcy under § 727 of the Code. Lenard moved to withdraw the reference of the adversary proceeding. I denied the motion on February 20, 1991. *See United States v. Lenard (In re Lenard)*, 124 B.R. 101 (D.Colo.1991).

On March 25, 1991, the government moved for summary judgment. Lenard's counsel received the motion for summary judgment on April 1, 1991. On April 2, the bankruptcy clerk's office issued a notice of hearing on the motion. The notice stated:

NOTICE IS HEREBY GIVEN that a hearing will be held in Bankruptcy Courtroom *B*, United States Bankruptcy Court, Fifth Floor, Columbine Building, U.S. Custom House, 721 19th Street, Denver, Colorado, at **1:00 P.M.** on **APRIL 22, 1991,** upon Plaintiffs' Motion for Summary Judgment.

If the matter set for hearing is one which involves a contested factual issue, any party intending to introduce any exhibits or call any witnesses at the scheduled hearing shall, at least five (5) court days prior to the hearing, file[ ] with the Court a list of the proposed exhibits and a schedule of anticipated witnesses, and will deliver to opposing counsel a copy of all exhibits (pre-marked for identification) together with a copy of the list of exhibits and schedule of witnesses filed with the Court.

(R. Doc. 39 at 1.)

The notice was apparently misaddressed and did not reach Lenard's counsel until April 15, 1991, three days before Lenard's response to the government's motion for summary judgment was due. Counsel interpreted the notice as indicating that Lenard could controvert the facts alleged in the government's motion by introducing exhibits or testimony at the hearing and that a written response to the motion was unnecessary. Based on this interpretation, Lenard did not file any responsive pleading.

At the April 22 hearing, Lenard's counsel advised the bankruptcy court that he intended to introduce testimony. The court responded that this procedure was improper and that counsel should have submitted a written reply in opposition to the motion for summary judgment, accompanied by appropriate affidavits. Counsel then made the following offer of proof:

If Mr. Lenard were permitted to testify, he would testify that, in fact, all of the facts that are stated to be uncontested are, in fact, contested; that he did, in fact, cease doing business through Budget Marketing in April, 1989; that since 1989, his wife has, in fact, been the franchisee, not him.

He would testify that he did not transfer any business to his wife. He would testify that the wife—since the wife took over the business, she has not made a profit and is, in fact, deeper in debt.

He would testify that he did not use a so-called control account. He would testify that he did not intend to conceal any accounts from creditors. He would testify that he has not paid any creditors through the accounts. He would testify that all of the properties listed, the real properties listed, as having resulted in there being assets had, in fact, been foreclosed upon or sold; that all monies of any nature have gone to the payments of taxes to the IRS, which has been assessed at more than $200,000. He would testify with respect to each and every other fact in the statement of so-called undisputed facts, that they are, in fact, disputed.

(Tr. at 5–6.)

Despite the offer of proof, the bankruptcy court held that local bankruptcy rule 10(c) required a responsive pleading. It granted summary judgment in favor of the government, finding no genuine issue of material fact and that the government was entitled to judgment as a matter of law. (*Id.* at 8–9.) Lenard was thereby denied a general discharge in bankruptcy under § 727 of the Code. (The court did not rule on the government's attempt to have its debt held nondischargeable under § 523 of the Code). On April 24, 1991, Lenard filed a motion for relief from order under Bankruptcy Rule 9024. That motion

was still pending at the time Lenard commenced this appeal.[1]

## II. *Merits.*

■ Lenard's first argument is that the bankruptcy court erred in refusing to consider his offer of proof at the hearing as sufficient to create a genuine issue of material fact or at least to justify a continuance to permit the filing of a written response to the motion for summary judgment. Whether summary judgment is appropriate is a legal question subject to *de novo* review. *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Whether the court should grant a continuance to permit the filing of late affidavits or should consider late-filed materials in opposition to summary judgment is a matter in the court's discretion. *See* 6 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.15[6] at 56–326 (1988). A court abuses its discretion when it fails to consider an applicable legal standard upon which the exercise of its discretionary judgment is based. *Summers v. Utah*, 927 F.2d 1165, 1168 (10th Cir.1991).

The starting point for this analysis is Rule 56 of the Federal Rules of Civil Procedure. This rule is made applicable to adversary proceedings in bankruptcy under Bankr.R. 7056. Subsection (c) of the rule provides that, after the moving party has filed a motion for summary judgment,

> [t]he adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Subsection (e) additionally states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Local court rules for the Bankruptcy Court for the District of Colorado further require a brief opposing a motion for summary judgment to be filed within 20 days after the motion is served. Loc.R. 10(c).

■ A party who fails to file any opposition to a motion for summary judgment faces a substantial risk that the motion will be decided against him. *See* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane et. al., *Federal Practice and Procedure* § 2739 at 520 (1983). As one court observed, "[t]he tools and devices of discovery are more than options and opportunities. Rule 56 expressly exacts them by negative compulsion on pain of judicial denouement—saying in effect, 'Meet these affidavit facts or judicially die.' Diligence in opposing a motion for summary judgment is required...." *Southern Rambler Sales, Inc. v. American Motors Corp.*, 375 F.2d 932 (5th Cir.), *cert. denied*, 389 U.S. 832, 88 S.Ct. 105, 19 L.Ed.2d 92 (1967).

■ Clearly, a court does not abuse its discretion by failing to admit out-of-time affidavits or briefs in response to a motion for summary judgment where a party offers no explanation for the delay. *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir.1987). Unlike cases in

---

1. A motion for relief from judgment under Bankruptcy Rule 9024, the bankruptcy analog to Fed.R.Civ.P. 60, does not toll the time for taking an appeal or nullify a notice filed before disposition of the motion. *See* Bankr.R. 8002(b); *Western Cities Broadcasting, Inc. v. Schueller (In re Schueller)*, 124 B.R. 98, 100 (D.Colo.1991). Therefore, I have jurisdiction to consider Lenard's appeal of the court's April 24 order granting summary judgment, notwithstanding the pendency of Lenard's Rule 9024 motion. I do not have jurisdiction to address Lenard's argument that the bankruptcy court erred in not ruling on the Rule 9024 motion, since a final order had not been entered at the time Lenard took this appeal.

which a party opposing a summary judgment motion fails to even offer a defense, however, the record in this case demonstrates that Lenard planned to oppose the motion, albeit not by conventional methods. Lenard's counsel stated that he was prepared to file a response in opposition to the government's motion for summary judgment on or before the April 18, 1991 due date, and that he had interviewed Mr. Lenard on April 14, 1991 to collect information to be used in formulating Mr. Lenard's affidavit. On April 15, before the opposition was due, counsel received the notice of hearing, which he interpreted as indicating that he was to produce direct testimony, in lieu of affidavits under Rule 56(e), to establish any disputed issue of material fact at the hearing. The court acknowledged that the notice of hearing followed a new form recently implemented by the bankruptcy court. Lenard was present at the hearing to offer this testimony. When it became apparent that the court would not permit this, counsel explained his misunderstanding of the notice, (*see* Tr. at 4–5, 6–7), and made an offer of proof. Nevertheless, the court summarily granted summary judgment in favor of the government.

■■■ The court's conclusive grant of summary judgment in favor of the government indicates both an abuse of discretion and legal error. First, the court failed to acknowledge its authority to consider the untimely materials offered in opposition to a motion for summary judgment or to grant a continuance to permit Lenard to make formal his opposition, by affidavit if necessary. Rule 6(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases under Bankr.R. 9006(b), permits the court to enlarge the period of time for doing an act after the period has expired if the movant can demonstrate "excusable neglect." Read in conjunction with the objective expressed in Rule 1 and Bankr.R. 1001 to "secure the just, speedy, and inexpensive determination of every case and proceeding," these rules suggest that the court should not perfunctorily grant a motion for summary judgment when the opposing party indicates that it could present an effective, though late, response to the motion.[2]

*In re N.P. Mining Co.*, 124 B.R. 846 (Bankr.N.D.Ala.1990), exemplifies this approach. In that case, counsel for the parties opposing a motion for summary judgment misunderstood a communication from the court, made a week before the hearing on the motion, and filed material opposing the motion on the day of the hearing. Though technically the materials were untimely under the rules, the court noted its broad discretion under Rule 6(b), Bankruptcy Rule 9006(b), and Fed.R.Civ.P. 1 and held the interests of justice required it to consider the late-filed documents. *Id.* at 849. Similarly, in *Cook v. United States (In re Earl Roggenbuck Farms, Inc.)*, 51 B.R. 913, 918–19 (Bankr.E.D.Mich.1985), the court cited the need to err on the side of the party failing to file affidavits timely when considering whether its conduct was excusable neglect, though it concluded that counsel's mere inadvertence in retaining untimely affidavits was not excusable neglect.

In this case, the court did not address whether counsel's reliance on the ambiguous language of the new notice of hearing form was excusable neglect. This had particularly severe consequences. The court granted summary judgment on the government's complaint to deny Lenard a discharge of *all* his debts under § 727, not just the discharge of a single debt under § 523. In effect, the government won a default judgment against Lenard. While,

---

2. Lenard's offer of proof contained several general allegations that the facts as alleged by the government were in dispute. Such statements are insufficient to create a factual issue on a motion for summary judgment. *See Instructional Sys. Dev. Corp. v. Aetna Casualty & Sur. Co.*, 817 F.2d 639, 644 (10th Cir.1987). Nevertheless, Lenard produced some documentary evidence in support of his position, and he intended to introduce his own testimony and that of another witness to controvert other facts. (*See* R.Vol. I, Doc. 40.) As discussed below, the debtor's own testimony is particularly relevant in the § 727 dischargeability context. Therefore, I conclude that Lenard had made a sufficient showing that he could offer relevant evidence to rebut the government's motion.

*arguendo,* the court may have concluded that counsel's reliance on the notice of hearing was unreasonable and not excusable neglect, it committed an abuse of discretion in failing at least to consider its power to admit late-filed materials in opposition to the motion under Rule 9006(b). *See* James W. Moore & Jeremy C. Wicker, *supra,* at 56–332 ("Unless the record is clearly adequate the court should either grant a continuance so the inadequacy may be corrected or deny the motion."); *Ernst v. Walton (In re Walton),* 103 B.R. 151, 159 (Bankr.S.D. Ohio 1989) (court should exercise caution in rendering summary judgment to deny a discharge because "the consequences for the debtor are quite severe and extensive").

■ Second, notwithstanding the court's failure to consider whether the lack of a response was excusable neglect, the bankruptcy court erred in effectively deeming Lenard to have conceded the motion by his failure to oppose it. Rule 56 does not permit the court to grant summary judgment in favor of a plaintiff without analyzing whether, as a matter of law, he has established the essential elements of his claim. Fed.R.Civ.P. 56(e) advisory committee notes ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.") Thus, even if there is no response to the motion, the court must independently determine from the record whether summary judgment is proper. *See* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane et. al., *supra,* at 523–527 (1983).

■ Although the court stated on the record that the government was entitled to judgment as a matter of law, (Tr. at 9), this conclusion is not supported by any specific findings analyzing whether the government established the legal elements justifying denial of a general discharge under the relevant sections of § 727. *Compare General Am. Corp. v. Merrill Lynch Commodities, Inc. (In re Ross),* 64 B.R. 829, 836 (Bankr.S.D.N.Y.1986) (determining whether defendants were entitled to judg-

ment as a matter of law even though the plaintiffs submitted no materials in opposition to motion). This is particularly problematic in an adversary proceeding on an objection to a general discharge under § 727. The substantive issues under subsections (a) often require inquiry into the debtor's state of mind or justification for his actions, necessitating explanatory testimony by the debtor and an assessment of his demeanor and credibility. While summary judgment is not per se improper in a § 727 proceeding, many courts have expressed reluctance to rule on dischargeability issues on summary judgment without permitting the debtor to testify. *See, e.g., United Mortgage Corp. v. Mathern (In re Mathern),* 137 B.R. 311, 318 n. 7 (Bankr. D.Minn.1992) (courts often not inclined to grant summary judgment on objections to discharge under §§ 727(a)(3) and (a)(5)); *Norton Operating Servs., Inc. v. Perry (In re Perry),* 119 B.R. 24, 28 (Bankr.S.D.N.Y. 1990) (denying summary judgment under § 727 to give debtor opportunity to explain actions and to enable court to assess her credibility); *Miller v. Harper (In re Harper),* 117 B.R. 306, 310–11 (Bankr.N.D. Ohio 1990) (denying summary judgment under §§ 727(a)(3) and 727(a)(5)); *In re Esposito,* 44 B.R. 817, 821 (Bankr.S.D.N.Y.1984) ("Normally proceedings involving discharge and dischargeability are not grist for summary judgment motions.").

### III. *Conclusion.*

The bankruptcy court abused its discretion in not considering whether Lenard's failure to oppose the motion for summary judgment was excusable neglect. The court also committed legal error in not independently considering the government's submissions on summary judgment to determine whether it was entitled to judgment as a matter of law. For these reasons, I reverse the bankruptcy court's ruling on the government's motion for summary judgment and remand for further proceedings to permit Lenard to respond to the motion and for full consideration of whether the government is entitled to judg-

ment as a matter of law in light of Lenard's response.