**In re Jerry Allen FOLGER, Jr. and Shelly Lynn Folger, Debtors.**

**Civ. A. No. 91–1408–MLB.**

United States District Court,
D. Kansas.

Dec. 1, 1992.

Stephen B. Angermayer, J. Michael Morris, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for trustee.

Ray Hodge, Wichita, KS, for Jon Thompson.

Stan R. Singelton, Derby, KS, Mark G. Ayesh, Wichita, KS, for Jerry Allen Folger, Shelly Lynn Folger.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This is an appeal from an order of the bankruptcy court. The bankruptcy court granted default judgment against the debtor in an adversary proceeding filed by the trustee. Thereafter, the debtor moved for relief from judgment pursuant to Fed. R.Civ.P. 60(b) and Bankruptcy Rule 9024. The bankruptcy court denied relief, and this appeal was taken.

## I. STANDARDS OF REVIEW

■■■ The standards for this court's review of the bankruptcy court's order are well established. The district court may not set aside findings of fact "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. Included among the matters subject to the clearly erroneous standard of review are the factual inferences drawn from documentary evidence. *In re Sierra Trading Corp.,* 482 F.2d 333, 336 (10th Cir.1973). Issues of law, however, are reviewed de novo, *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399–400 (10th Cir.1986), as are mixed questions of fact and law which involve primarily a consideration of legal principles, *In re Ruti–Sweetwater, Inc.,* 836 F.2d 1263, 1266 (10th Cir.1988), or the legal conclusions to be drawn from the facts as found. *In re Golf Course Builders Leasing, Inc.,* 768 F.2d 1167, 1169 (10th Cir.1985).

■■■ In addition, where the appeal is from an order that denies relief from judgment, only the propriety of the order of denial is subject to review—not the underlying judgment. *In re Schueller,* 124 B.R. 98, 100 (D.Colo.1991) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990)). *See also Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). The review of such an order is narrowly confined to whether the denial of relief from judgment was an abuse of discretion. *Schueller,* 124 B.R. at 100; *In re Hammer,* 940 F.2d 524, 525 (9th Cir.1991). "Abuse of discretion will be found only if the reviewing court has 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *In re Rains,* 946 F.2d 731, 732 (10th Cir.1991).

The court is also mindful that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circum-

stances." *Bud Brooks,* 909 F.2d at 1440. "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver,* 952 F.2d at 1243–44. Where the ground alleged is excusable neglect under Rule 60(b)(1), "[t]he burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect." *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990) (emphasis in original).

## II. BACKGROUND

The debtors filed for Chapter 7 relief on September 1, 1989. Two adversary proceedings opposing discharge were timely filed and assigned the numbers 90–5074 and 90–5010. Adversary No. 90–5074 was filed by the trustee.

At the time the bankruptcy petition was filed, debtors' address of record was 3232 South Clifton, Lot 533, Wichita, Kansas. Debtors moved to St. Charles, Missouri in April 1990, allegedly for reasons of employment. Debtors did not file a change of address with the court. Their new address in St. Charles was Apartment No. 1515, Trails of Sunbrook. Debtors maintained a mailing address in Wichita, however. Debtors claim that three times each week, the father of debtor Jerry Folger retrieved mail delivered to the Wichita address and forwarded it to debtors. In August 1990, debtors moved to Apartment No. 609 in the same apartment complex in St. Charles. Although debtors had informed their counsel of record, Stan Singleton, of their change of address to their first Missouri address at Apartment No. 1515, they did not inform counsel of their change of address to Apartment No. 609 nor did they communicate with him through any other means, either directly or indirectly.

The bankruptcy court held a pretrial conference on June 18, 1990, at which conference the court ordered discovery to be completed within 60 days. Because Singleton had been unable to contact debtors, Singleton filed a motion on September 26, 1990 seeking to withdraw as counsel. From September through October 1990, Single-ton attempted to contact debtors six times by letter in order to advise them that he was seeking to withdraw as counsel. The letters were sent to the address at Apartment No. 1515, but were returned by the post office. On December 13, 1990 the bankruptcy court entered an order granting Singleton's motion to withdraw.

On December 11, 1990, the trustee mailed a copy of his motion for default judgment to the debtors' Wichita address. The copy was not returned.

On January 18, 1991, the bankruptcy court entered an order granting default judgment in favor of the trustee in adversary proceeding No. 90–5074. The court did not enter default judgment in Adversary No. 90–5010. The bankruptcy court mailed a copy of the order to debtors' Wichita address, and this mailing was not returned.

On April 12, 1991, counsel for plaintiff in Adversary No. 90–5010 sent a certified copy of the amended pretrial order to the debtors' address at 1515 Trails of Sunbrook. The letter eventually found its way to debtor's father, who forwarded it to debtors.

Debtors immediately contacted Singleton on May 6, 1991, and thereafter sought new counsel. On May 8, 1991, Mark G. Ayesh entered his appearance for debtors. On May 20, 1991, debtors filed their motion to set aside default. The bankruptcy court thoroughly considered debtors' arguments and denied their motion in an order filed September 17, 1991.

## III. FINDINGS AND CONCLUSIONS OF BANKRUPTCY COURT

The bankruptcy court analyzed the motion to set aside by focusing on three factors: (1) whether debtors had shown a good reason to explain the default; (2) whether debtors had a meritorious defense to the trustee's adversary action; and (3) the timeliness of the motion to set aside. *See Gomes v. Williams,* 420 F.2d 1364 (10th Cir.1970); *Barta v. Long,* 670 F.2d 907, 909 (10th Cir.1982).

## A. *Good Reason*

██ The bankruptcy court found no good reason for the failure of debtors to maintain communication with their counsel or to respond to mail that they must be presumed to have received. Debtors claimed that they had filed a change of address with the St. Charles Post Office. The bankruptcy court noted that debtors offered no substantive proof that a change of address form was filed, or if filed, when it was filed. Moreover, although the six letters sent by Singleton were returned, other very significant mailings were not returned: a copy of the trustee's motion for default judgment and a copy of the bankruptcy court's entry of default judgment. In addition, debtors did receive the April 12, 1991 letter sent by counsel for plaintiff in Adversary No. 90–5010. As the bankruptcy court noted, the law presumes that a properly mailed item was received by the addressee. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989).

The court finds no clear error in the conclusion that debtors failed to show a good reason to explain their default. Debtors suggest that they must be shown to have had actual, and not merely constructive, notice of the withdrawal of their counsel. The court rejects any *per se* rule of actual notice, for it does not take into consideration the debtor whose own actions have prevented the court and counsel from giving such notice. As the bankruptcy court found, debtors absented themselves from Wichita and failed to communicate with their counsel for over a year, thereby frustrating the orderly case management of the bankruptcy court. Debtors themselves recognize the special need for expeditious administration of bankruptcy matters. *See In re James Lewis Young*, 1 B.R. 387, 392 (Bankr.M.D.Tenn.1979).

██ Moreover, delay caused by the client rather than his attorney is a proper consideration informing the court's decision to deny relief from default judgment. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988); *In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982); *Morgan v. Hatch*, 118 F.R.D. 6, 9 (D.Me.1987). The record supports the bankruptcy court's finding that debtors themselves had delayed the case by moving, failing to notify counsel of their move, and failing to communicate with counsel.

In support of their claim that the bankruptcy court erred, debtors place great emphasis on *In re James Lewis Young, supra*, which discussed (and rejected) a claim of excusable neglect made by a creditor. Debtors cite eight factors which they say constitute excusable neglect.

1. *Length of delay.* Debtors claim that the period of delay is four months (from entry of default until new counsel moved to set aside the default). While this is correct in the abstract, debtors' argument ignores their unexplained failure for the previous eight months to communicate with their counsel notwithstanding counsel's many attempts to communicate with them. The thrust of debtors' argument is that the entire burden of communication regarding their case ran only one way—from their attorney to them—and that they had no obligation to keep in touch with their counsel regarding the status of their case. This argument is not persuasive. The facts show that debtors made no attempt to contact their counsel or otherwise inquire about their case for over one year. This unexplained failure is neither reasonable or excusable.

2. *Promptness of motion.* What was just stated with respect to debtors' "length of delay" argument applies. While debtors may have reacted promptly once they learned of the default, their failure to learn of it was entirely their fault. The illogical extension of this argument is that a debtor could fail to look after his or her case for an unlimited period of time and then escape default merely by filing a motion to set aside the default shortly after learning of it. This argument fails to consider the rights of creditors and the integrity of the judicial process.

3. *Relief sought in the complaint.* Debtors argue that failure to set aside the

default will deprive them of the right to litigate their case. They claim this would be a harsh penalty in light of the "extenuating circumstances surrounding the failure to timely respond." As previously stated, the bankruptcy court carefully considered, and rejected, debtors' "extenuating circumstances" argument and this court finds no error in the bankruptcy court's analysis of this issue. Thus, the "harsh result" cited by debtors is but a natural consequence of their failure to demonstrate excusable neglect; it cannot be used as a factor to demonstrate excusable neglect.

4. *Merits of the creditor's complaints.* Even assuming the merits (or lack thereof) of the creditor's complaint are relevant, debtors make no argument about them. Rather, they merely rehash their previous claims by saying that they "relied entirely" on their attorney. For the reasons previously stated, this court finds that such unilateral "reliance", under the facts of this case, is both misplaced and unavailing.

5. *Prejudice to the debtors.* Debtor Shelly Folger argues that it would be unjust to "strap her with her husband's debt" now that she and her husband are divorced. Debtor Jerry Folger argues that, at most, he was merely negligent in entrusting the affairs of debtors' bankrupt business to a third party. Debtors cite no authority that either of these arguments have any relevance to a Rule 60(b) motion and this court finds they do not. *See In re Schueller*, 124 B.R. at 100.

6. *Need for expeditious administration.* While debtors acknowledge the need for expeditious administration of bankruptcy matters, they argue that this need is secondary to the administration of justice. The court construes this argument as the preference that cases be decided on their merits and not by default. This court finds that the bankruptcy court gave full consideration to the substance of this argument and that its rejection of the argument was not an abuse of discretion.

7. *Sophistication of the debtor.* Debtors reassert their argument that they are unsophisticated in the law and "relied totally" on their attorney to guide them through the intricacies of bankruptcy. This argument would be persuasive if debtors had shown that the default judgment resulted from some legal error of their attorney. However, this was not the case. The facts found by the bankruptcy judge, which have not been shown to be clearly erroneous, show that the debtors' attorney made no errors, legal or otherwise. Rather, the default judgment resulted from a failure of communication which cannot be blamed on counsel.

8. *The need for an evidentiary hearing to determine the reason for delay.* Debtors once again argue their total reliance on their attorney and claim that an evidentiary hearing is necessary to determine why their attorney did not communicate with them. However, debtors offer no new facts which were not presented to or considered by the bankruptcy judge. Therefore, they have not demonstrated that the bankruptcy court's factual findings are clearly erroneous.

For the aforesaid reasons, this court finds no error in the bankruptcy court's decision that debtors did not demonstrate the excusable neglect which would justify setting aside the default judgment. See *In re Empire Pipe & Dev.*, 134 B.R. 975 (Bankr.M.D.Fla.1991).

B. *Meritorious Defense*

The trustee opposed discharge on the grounds that the debtors had fraudulently transferred or concealed business assets within one year of the date on which the bankruptcy petition was filed, *see* 11 U.S.C. § 727(a)(2)(A), and also that the debtors had concealed or failed to keep books and records from which the financial condition or business transactions of the debtors might be ascertained, *see id.* § 727(a)(3). As the bankruptcy court correctly noted, proof of either of these allegations would suffice to deny discharge.

For purposes of determining the existence of a meritorious defense that is good at law, the bankruptcy court resolved factual disputes in favor of the debtors. *See In re Fuller*, 111 B.R. 660, 662 (Bankr. S.D.Ohio 1989). *See also Barta v. Long,*

670 F.2d 907, 909–10 (10th Cir.1982) (meritorious defense must be supported by more the mere allegations that defense exists). Accordingly, the bankruptcy court concluded that the debtors had presented a meritorious defense to the trustee's allegation of fraud as to concealment of assets.

■ The bankruptcy court found no meritorious defense, however, to the allegation that the debtors had concealed books and records. The bankruptcy court purported to rely upon the rule stated in *In re Waldroop*, 22 B.R. 284 (Bankr.D.N.M.1982):

> [A] debtor [is] not required to have an impeccable bookkeeping system as long as transactions [can] be identified and intelligent inquiry made.... [T]he burden of proof [is] on the trustee or creditor to show lack of records but ... not ... [to] show[ ] ... intent to defraud on the part of the debtor. Once the creditors have made their showing, the debtor must then show that the absence of records is justified under all relevant circumstances.

*Id.* at 286. Debtors herein argued that they had a meritorious defense because their records were in storage and debtors were unable to retrieve the records from storage due to an unpaid rental bill. The bankruptcy court rejected this defense, however, stating:

> [T]he burden [is] on the debtor to produce records from which their financial transactions can be deduced, or provide a justifiable excuse as to why the records cannot be produced. That burden is not met by an assertion that some third party has the necessary records if the debtor is capable of retrieving the records.

(Bankr. Court's Order of Sept, 17, 1991, at p.15). Concluding that debtors had failed to produce any records or a justifiable excuse why the records could not be produced, the bankruptcy court found no meritorious defense to the trustee's claim under § 727(a)(3).

■ The bankruptcy court's statement of the law is in error. "[I]n order to state a prima facie case under section 727(a)(3), a creditor objecting to the discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir.1992). The burden then shifts to the debtor to justify the loss of records or the failure to maintain records. *Id.* at 1233.

Once the burden is properly placed on the trustee to establish the debtor's failure to maintain and preserve adequate records, the court cannot so readily dismiss debtors' contention that records in fact exist. As debtors argued to the bankruptcy court, debtors were only temporarily prevented from obtaining the records due to the lack of cooperation from the custodians of the records.[1] Because the bankruptcy court's finding was based upon an improper allocation of the burden of proof, it was clearly erroneous to find that the debtors failed to present a meritorious defense.

■ The court finds, however, that it was harmless error to conclude that debtors had failed to present a meritorious defense. If the party moving to set aside a judgment pursuant to Rule 60(b)(1) fails to establish excusable neglect, the court need not determine whether a meritorious defense exists. *Otoe County Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 884 (10th Cir.1985).

## IV. CONCLUSION

The applicable law as applied to the facts support the bankruptcy court's conclusions that debtors had failed to establish excusable neglect for their default. The bankruptcy court did not abuse its discretion in refusing to set aside default.

---

1. Debtors represent to the court that they gained access to their records after the bankruptcy court issued its order denying relief from the default judgment. Debtors further represent that these records are now in the possession of the trustee. The trustee does not respond to this representation, however, and simply states: "No justifiable excuse can be ascertained as to why records cannot be produced." (Trustee's Brief at p.10).

Accordingly, the court affirms the bankruptcy court's order of September 17, 1991 denying relief from judgment.

IT IS SO ORDERED.