FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

September 20, 2017

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[*]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE LEONID SHIFRIN,

Debtor.

_____

HARVEY SENDER, Chapter 7 Trustee
and STATE OF COLORADO ex rel.
CYNTHIA H. COFFMAN, ATTORNEY
GENERAL,

Plaintiffs - Appellees,

v.

LEONID SHIFRIN,

Defendant - Appellant.

_____

BAP No. CO-17-012


Bankr. No. 12-22722
Adv. No. 14-01169
Chapter 7


OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.[**]

_____

Before **CORNISH**, **SOMERS**, and **JACOBVITZ**, Bankruptcy Judges.

_____

[*]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[**]    The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b).

**CORNISH**, Bankruptcy Judge.

_____

The debtor appeals the bankruptcy court's denial of a request for relief from an order pursuant to Federal Rule of Bankruptcy Procedure 9024.[1] We conclude the bankruptcy court did not abuse its discretion in denying the requested relief, and therefore we affirm.

## I.   BACKGROUND

Leonid Shifrin (the "Appellant") filed his Chapter 7 bankruptcy case on June 17, 2012 (the "Petition"). Prior to filing the Petition, Appellant operated a mortgage brokerage and lending business. The State of Colorado (the "State") obtained a judgment against Appellant in District Court for the City and County of Denver (the "State Court") for violating the Colorado Consumer Protection Act.[2] After Appellant allegedly violated the terms of the judgment prohibiting him from conducting a mortgage business, the State Court entered an order imposing civil sanctions and freezing all joint bank accounts held by Appellant and several family members (the "Sanctions Order").[3] Of relevance to this appeal is the State Court's determination as to the ownership of several entities over which Appellant maintained financial control (the "Entities"). In the Sanctions Order, the State Court found "the assets and property of [the Entities] . . . , and joint accounts of

---

1    Fed. R. Bankr. P. 9024 makes Fed. R. Civ. P. 60 applicable to bankruptcy cases.

2    Colo. Rev. Stat. §§ 6-1-101 to -115 (2008).

3    *Order and Amendment to Judgment* at 2, *in* Appellant's App. at 243.

2

Mark Shifrin, Sofia Shifrin, and Qully Shifrin with [Appellant] are the property of [Appellant]."[4]

Appellant filed the Petition approximately one month after entry of the Sanctions Order. Harvey Sender was appointed as trustee (the "Trustee") in Appellant's bankruptcy case. After numerous requests for documents from Appellant went unanswered,[5] the Trustee and the State (together the "Appellees") filed an adversary proceeding, seeking a denial of Appellant's discharge pursuant to 11 U.S.C. § 727(a).[6] The Appellees moved for summary judgment and the bankruptcy court entered an order denying Appellant's discharge pursuant to §§ 727(a)(2)(A) and (B), (a)(4)(A) and (D), (a)(3), and (a)(5) on October 19, 2015 (the "Summary Judgment Order").[7] The Appellant did not appeal the Summary Judgment Order.

Subsequently, Sofia Shifrin, Appellant's mother and a defendant in the State Court matters, sought relief from the Sanctions Order for improper service. When the State Court denied Mrs. Shifrin's request for relief, she appealed to the Colorado Court of Appeals. On appeal, the Colorado Court of Appeals reversed and remanded the matter to the State Court, holding Mrs. Shifrin was improperly served with notice of the State

---

[4]     *Id.*, *in* Appellant's App. at 243.

[5]     The Trustee requested documents from Appellant at the § 341 meeting of creditors and through "a Rule 2004 subpoena for documents." Appellant never produced any documents in response to these requests. *Affidavit of Harvey Sender* at 1-2, *in* Appellant's App. at 371-72.

[6]     All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[7]     *Order*, *in* Appellant's App. at 615.

Court's hearing on sanctions.[8] In light of the Colorado Court of Appeal's reversal, Appellant filed a motion in the State Court for partial relief from the Sanctions Order,[9] which the State Court granted.[10]

Armed with the rulings from the Colorado Court of Appeals and State Court, Appellant filed the *Request for Relief from Court Order on Plaintiffs' Motion for Summary Judgment Dated October 9, 2015 Pursuant to F.R.C.P. 60(b)*[11] (the "60(b) Motion") a year and two months after the bankruptcy court entered the Summary Judgment Order. Appellant argued the bankruptcy court should grant relief from the Summary Judgment Order pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6).[12] Appellant stated that the bankruptcy court relied on the determination the Entities belonged to Appellant in the Sanctions Order as the basis for the denial of Appellant's discharge.

---

[8]      *Order Reversed and Case Remanded with Directions*, *in* Appellant's App. at 657.

[9]      *Motion to Reconsider Pursuant to Rule 60(b) and Order from the Colorado Court of Appeals Case 14CA2157 to Partially Set Aside Courts Order Entered October 8, 2012*, *in* Appellant's App. at 671.

[10]      *Order: Motion to Reconsider Pursuant to Rule 60(b) and Order from the Colorado Court of Appeals Case 14CA2157 to Partially Set Aside Courts Order Entered October 8, 2012*, *in* Appellant's App. at 627. The State filed a motion in the State Court to clarify this order because it is unclear from the order what orders Appellant is granted relief from. *Motion for Clarification*, *in* Appellees' App. at 935.

[11]      Appellant's App. at 649.

[12]      All future references to "Civil Rule" are to the Federal Rules of Civil Procedure. All future references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. Civil Rule 60 is made applicable to cases under the Code pursuant to Bankruptcy Rule 9024.

The bankruptcy court entered the *Order* (the "60(b) Order"),[13] denying the 60(b) Motion on March 10, 2017. In the 60(b) Order, the bankruptcy court stated it "did not consider the purported ownership of entities or assets in denying [Appellant's] discharge."[14] The bankruptcy court concluded that it "specifically made no findings as to the substance of any non-bankruptcy actions pending against [Appellant], and pointed out the non-bankruptcy proceedings were not relevant to the issues raised in the adversary case."[15] Appellant filed a timely notice of appeal of the 60(b) Order on March 22, 2017, which is the subject of this appeal.

## II.     JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[16] Appellant appeals an order denying a motion for relief from an order or judgment pursuant to Civil Rule 60(b), which is a final order of the bankruptcy court, provided the order or judgment the Civil Rule 60(b) motion challenged was a final order.[17] Appellant did not file a valid election

---

[13]     Appellant's App. at 674.

[14]     60(b) Order at 2, *in* Appellant's App. at 675.

[15]     *Id.* at 4, *in* Appellant's App. at 677.

[16]     28 U.S.C. § 158(a)(1), (b)(1), & (c)(1); Bankruptcy Rule 8005; 10th Cir. BAP L.R. 8005-1.

[17]     *Stubblefield v. Windsor Cap. Grp.*, 74 F.3d 990, 993 (10th Cir. 1996). The 60(b) Motion sought relief from a judgment finally resolving an adversary proceeding seeking denial of Appellant's discharge and therefore was a final order.

5

to have this appeal heard by the United States District Court for the District of Colorado; therefore, this Court has jurisdiction to hear the appeal.[18]

"Relief under [Civil] Rule 60(b) is discretionary and is warranted only in exceptional circumstances. Thus, we review the bankruptcy court's [60(b) Order] for abuse of discretion."[19] "An abuse of discretion occurs when the district court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[20]

## III.    DISCUSSION

Appellant devotes a great deal of his brief assigning error to the bankruptcy court's denial of his discharge pursuant to §§ 727(a)(2)(A) and (B), (a)(4)(A) and (D), (a)(3), and (a)(5). However, we do not have jurisdiction to review the Summary Judgment Order on the merits because Appellant did not file an appeal of or seek reconsideration of the Summary Judgment Order within the time provided by the

---

[18]    With his *Notice of Appeal*, Appellant filed a separate document purporting to elect to have the appeal heard by the United States District Court for the District of Colorado. This Court immediately determined the purported election was not valid pursuant to 10th Cir. BAP L.R. 8005-1(a), which requires that the statement of election be included in the notice of appeal. Appellant filed an *Amended Notice of Appeal*, which contained an election. The Court immediately denied the election contained in the *Amended Notice of Appeal* as untimely pursuant to 28 U.S.C. § 158(c)(1)(A). Appellant filed a motion to reconsider the denial of the election. On March 27, 2017, a motions panel of this Court denied the motion to reconsider and this appeal continued. *Order Denying Motion for Reconsideration*, BAP ECF No. 13.

[19]    *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (10th Cir. BAP 2002) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)) (citations omitted).

[20]    *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

6

Bankruptcy Rules.[21] Accordingly, we will not address Appellant's arguments that the bankruptcy court erred in entering the Summary Judgment Order and instead consider only whether the bankruptcy court abused its discretion in denying the 60(b) Motion.

Bankruptcy Rule 9024 makes Civil Rule 60 applicable in bankruptcy cases. Subparts (5) and (6) of Civil Rule 60(b), upon which Appellant relies, provide:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.[22]

In determining whether a bankruptcy court abused its discretion, the Court "must be mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[23] Accordingly, the bankruptcy court's decision should only

---

[21]   Appellant did not appeal the Summary Judgment Order. A motion under Bankruptcy Rule 9024 may extend the time to appeal until the disposition of such a motion, if the Bankruptcy Rule 9024 motion is filed within fourteen days after the judgment is entered. The 60(b) Motion did not extend the time to appeal the Summary Judgment Order because it was not filed within fourteen days after entry of the Summary Judgment Order. *In re Blair*, No. 16-cv-0202, 2016 WL 8608454, at *4, n.2 (D. Colo. Aug. 24, 2016) ("A Rule 9024 motion filed within the 14-day appeal window resets that clock and permits the party to defer its notice of appeal until 14 days after the Bankruptcy Court resolves the Rule 9024 motion.").

[22]   Fed. R. Civ. P. 60(b).

[23]   *In re Karbel*, 220 B.R. 108, 113 (10th Cir. BAP 1998) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

be reversed if the Court finds "a complete absence of a reasonable basis and [is] certain that the [bankruptcy court's] decision is wrong."[24]

In support of his position that the bankruptcy court erred in not granting relief under Civil Rule 60(b)(5) and (6), Appellant asserts the bankruptcy court's entry of summary judgment denying his discharge was predicated on the State Court's since vacated determination in the Sanctions Order that the Entities belonged to Appellant. However the bankruptcy court explained in the Rule 60(b) Order that it "did not consider the purported ownership of entities or assets in denying discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B) and (a)(4)(A) and (D)."[25] Instead, as the bankruptcy court stated in both the Rule 60(b) Order and the Summary Judgment Order, its determinations of the facts not in genuine dispute in the Summary Judgment Order were based on affidavits, documents, and Appellant's own statements and schedules. We agree.

### Relief from denial of discharge under §§ 727(a)(2)(A), (a)(2)(B), (a)(4)(A), & (a)(4)(D)

In support of denial of the discharge under § 727(a)(4)(A), the bankruptcy court determined that Appellant knowingly and fraudulently made false oaths in the form of false statements in his schedules and statement of financial affairs, executed under oath, and gave false testimony, including (a) scheduling jewelry as having a value of less than $36,000 that he insured for over $200,000; (b) failing to disclose in his statement of financial affairs income from rental properties, which he was required to disclose

---

[24]     *Id.* (citing *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)).

[25]     60(b) Order at 2, *in* Appellant's App. at 675.

8

regardless of the ownership of the properties; (c) failing to disclose his withdrawal, within ninety days of the bankruptcy petition date, of over $125,000 from an account in which Appellant held an interest; (d) failing to disclose prepetition litigation; and (e) Appellant's misleading testimony at the § 341(a) meeting of creditors that his schedules and statements were accurate and his false testimony at a Rule 2004 examination.

In determining that his conduct warranted denial of the discharge, the bankruptcy court did not rely on the ownership of the Entities or their assets. The bankruptcy court explained that it

> based its decision not on ownership, or lack thereof, of various assets, but on [Appellant's] failure . . . to file accurate statements and schedules. The Court specifically made no findings as to the substance of any non-bankruptcy actions pending against [Appellant], and pointed out the non-bankruptcy proceedings were not relevant to the issues raised in the adversary case.[26]

In the Summary Judgment Order, the bankruptcy court found that facts not in genuine dispute required denial of Appellant's bankruptcy discharge under § 727(a)(4)(A) independent of the State Court's ruling on ownership of the Entities or their properties. Accordingly, the bankruptcy court did not abuse its discretion in declining to reconsider its denial of discharge pursuant to § 727(a)(4)(A). Similarly, the bankruptcy court relied on facts not in genuine dispute independent of the State Court's ruling on ownership of the Entities or their properties to deny Appellant's discharge under §§ 727(a)(2)(A), (a)(2)(B), and (a)(4)(D).

---

[26] *Id.* at 3-4, *in* Appellant's App. at 676-77 (citing Summary Judgment Order at 8, n.25, *in* Appellant's App. at 622).

**Relief from denial of discharge under §§ 727(a)(3) & (a)(5)**

Appellant also argues the bankruptcy court erred in finding Appellant failed to preserve adequate records of the Entities and explain the loss of assets of the Entities. Appellant asserts he has continuously maintained that the Entities did not belong to him and that he could not turn over records of transactions for businesses he did not own. Accordingly, Appellant argues the bankruptcy court based this finding on the Sanctions Order and the State Court's assignment of the Entities to him.

Appellant's argument is flawed for two reasons. First, the records referenced in § 727(a)(3) do not pertain only to the Entities, but also to Appellant's "financial condition and *material business* transactions."[27] The bankruptcy court found Appellant produced none of the records requested by the Trustee and used cash to avoid creation of records.[28] Thus, there are sufficient facts in the record to support denial of Appellant's discharge pursuant to § 727(a)(3) independent of the Sanctions Order.

Second, the bankruptcy court noted Appellant failed to adequately disclose or explain the disposition of assets as required by § 727(a)(5).[29] Appellant did not explain

---

[27]  *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997) (citing *In re Folger*, 149 B.R. 183, 188 (D. Kan. 1992)).

[28]  Summary Judgment Order at 10-11, *in* Appellant's App. at 624-25.

[29]  Appellant argues his lack of ownership of any related entities explains his failure to disclose or explain transactions—because he did not have access to them. However, in the Summary Judgment Order, the bankruptcy court referenced Appellant's affidavit stating many of the records were in "moving vaults, and [Appellant] has received permission to show the vaults to the Trustee." Summary Judgment Order at 10, *in* Appellant's App. at 624. This contradicts Appellant's argument that he had no access to such records.

10

over $12 million in deposits and withdrawals from postpetition bank accounts connected to "various business entities with which he was affiliated" and failed to explain what happened to funds he received from various real properties.[30] The bankruptcy court stated, "the question is not, as [Appellant] appears to believe, whether [Appellant] owned the numerous entities, real properties, and items of personal property . . . . Rather, it is the failure to disclose any interest in these assets."[31]

These findings suggest the bankruptcy court based the Summary Judgment Order on Appellant's failure to comply with his duties as a debtor, not on the State Court's determination of ownership of the Entities. Even if the bankruptcy court had relied on the Sanctions Order, the Colorado Court of Appeal's reversal was based solely on the improper service of Sofia Shifrin and did not comment on the substantive findings of the trial court. Accordingly, the bankruptcy court's conclusion that Appellant "failed to maintain and preserve adequate business and financial records, and failed to disclose or explain information reasonably required by . . . [his] obligations under the Bankruptcy Code," was not an abuse of discretion.[32]

**Inconsistent holdings**

Appellant also argues the bankruptcy court's denial of the 60(b) Motion was inconsistent with the bankruptcy court's denial of a motion for summary judgment in a

---

[30]    *Id.* at 11, *in* Appellant's App. at 625.

[31]    *Id.*, *in* Appellant's App. at 625.

[32]    60(b) Order at 4, *in* Appellant's App. at 677.

11

separate adversary proceeding against Appellant, his mother, father, and related entities. In that adversary proceeding, the bankruptcy court held the *Rooker-Feldman* doctrine, collateral estoppel, and res judicata did not prevent the bankruptcy court from relitigating matters addressed in the Sanctions Order because several of the defendants were not parties in the State Court action.[33] Furthermore, the bankruptcy court found genuine issues existed as to other defendants' interests in the Entities and whether Appellant was an alter ego of the Entities.[34]

While an order of the bankruptcy court in a case other than the one on appeal is outside the scope of our review,[35] Appellant's argument fails even were we to consider it. First, the adversary proceeding Appellant references involved additional defendants and issues not covered by the Sanctions Order. Additionally, the 60(b) Order clearly identified grounds independent of the Sanctions Order justifying the denial of Appellant's discharge. We hold the bankruptcy court did not abuse its discretion in denying Appellant

---

[33]     *Order* at 4 n.14, *in* Appellant's App. at 647 (referencing order dated September 1, 2016 Bankr. ECF No. 93, Adversary No. 14-0306, which explains parties in present action must have been parties in action where prior order was entered for it to have preclusive effect); *see Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234-35 (10th Cir. 2006) (holding the *Rooker-Feldman* doctrine does not apply against nonparties to the prior state court judgment); *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989) (explaining res judicata prevents parties, or their privies, from relitigating issues).

[34]     *Order* at 5, *in* Appellant's App. at 648.

[35]     *See In re Frontier Airlines, Inc.*, 108 B.R. 277, 279 (D. Colo. 1989) (requiring separate notice of appeal for each final order appealed); 10th Cir. BAP L.R. 8003-1.

12

relief from the 60(b) Order, and therefore, must also hold it did not abuse its discretion in failing to consider an order entered in a separate adversary proceeding.

**IV.    CONCLUSION**

In reviewing the 60(b) Motion, the bankruptcy court reevaluated each criteria considered in finding grounds under § 727(a) for denial of Appellant's discharge and noted findings made independently from the Sanctions Order. The bankruptcy court's decision was not arbitrary, capricious, or whimsical and did not result in a manifestly unreasonable judgment. The bankruptcy court did not abuse its discretion. Therefore, we affirm the 60(b) Order.